1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARLTON V. MOSLEY, | No. 2:16-CV-0519-MCE-CMK-P |
| Plaintiff, | |
| vs. | <u>ORDER</u> |
| JEFFREY BEARD, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's complaint (Doc. 1).  Also before the court is plaintiff's motion for the appointment of counsel (Doc. 4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim. Plaintiff's complaint consists of over 100 pages of hand-written allegations and attached documents which purportedly support the factual allegations against the defendants. This pleading method does not satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly. To the contrary, plaintiff's complaint would require the court to comb through numerous pages of documents in order to determine whether plaintiff has stated any claims upon which relief can be granted. The court is unwilling to do this in part due to limited judicial resources but also because it is for plaintiff – not the court – to formulate his claims in a way that satisfies the rules. The complaint will be dismissed with leave to amend.

Plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be

1    viewed together before reaching a decision.  See id.

2             In the present case, the court does not at this time find the required exceptional

3    circumstances.   Specifically, until plaintiff submits a complaint which complies with Rule 8, the

4    court is unable to evaluate the factors discussed above.

5             Plaintiff is informed that, as a general rule, an amended complaint supersedes the

6    original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus,

7    following dismissal with leave to amend, all claims alleged in the original complaint which are

8    not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th

9    Cir. 1987).  Therefore, the court cannot refer to the prior pleading in order to make plaintiff's

10   amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in

11   itself without reference to any prior pleading.  See id.

12            In the amended complaint, plaintiff must demonstrate how the conditions

13   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

14   Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms

15   how each named defendant is involved, and must set forth some affirmative link or connection

16   between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

17   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

18            Finally, plaintiff is warned that failure to file an amended complaint within the

19   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at

20   1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply

21   with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).

22   See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

23   / / /

24   / / /

25   / / /

26   / / /

1           Accordingly, IT IS HEREBY ORDERED that:

2             1.      Plaintiff's complaint is dismissed with leave to amend;

3             2.      Plaintiff shall file an amended complaint within 30 days of the date of

4  service of this order; and

5             3.      Plaintiff's motion for the appointment of counsel (Doc. 4) is denied.

7  DATED:  June 28, 2016

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE